Deacon v. Clarke.

G. W. DEACON, *Administrator,* v. THOMAS D. CLARKE
*et al.*

(*Nashville.*   December Term, 1903.)

·1. **INSURANCE.**  Conditions in policy, application, constitution,
and laws of fraternal order enforced.

Where an insurance policy or benefit certificate is taken out in a
fraternal and beneficiary order and accepted, subject to con-
ditions on the back thereof, in the application, and in the con-
stitution and laws of the fraternity, such conditions will be en-
forced.

2. **SAME.**  Same.  Policy made payable to children of the in-
sured, if wife does not survive him, enforced.

Where such a policy or benefit certificate is made payable to the
wife of the insured upon his death subject to the conditions,
appearing as stated in the foregoing headnote, that if she did
not survive the insured, the benefit should be paid to his next
living relatives in a specified order, upon the death of the wife
prior to that of the insured husband, her interest in the policy
or certificate ceased, and passed to his children, the next class
of beneficiaries in line.

· Case cited and distinguished:  Handwerker  v.  Diermeyer,  96
Tenn., 619.

FROM GILES.

Appeal from the Chancery Court of Giles County.—
WALTER S. BEARDEN, Chancellor.

112 Tenn—19

STEELE & ESLICK and STACY & WOODARD, for complainant.

FLOURNOY RIVERS, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action involves the ownership of an insurance fund, now in court, realized upon an insurance policy or certificate taken out in a beneficiary order, the Sovereign Camp Woodmen of the World, by Peter J. Clarke, on his own life, and payable on its face to his wife, Annie J. Clarke.

This policy, in the sum of $2,000, was procured on the twenty-ninth of February, 1896. Mrs. Clarke died in 1900, leaving her husband surviving, also their two children, the defendants, Thomas D. Clarke and Mrs. Mary V. Bunch, and on June 19, 1903, Peter J. Clarke himself died, leaving his said children still surviving.

Peter J. Clarke died insolvent, and upon his death the bill in this case was filed by his administrator, against the said two children, for the purpose of obtaining the insurance fund for the benefit of creditors.

The theory of the bill is that, when Mrs. Clarke died, the insurance policy, she being the beneficiary named therein, belonged to her estate; that, upon the death of Peter J. Clarke, the right to collect the fund for the benefit of her estate became consummate; and that this right became at once, *jure mariti,* a right belonging to the husband's estate, and that his administrator had im-

posed upon him by law the duty of collecting it; that, upon such collection being made, the fund should, under the rules of law applicable to the subject, be appropriated first to the payment of the debts of Peter J. Clarke and the expenses of administration, and any surplus left to the defendants, not as claimants directly under the policy, but as distributees of Peter J. Clarke, deceased.

To this contention the defendants make reply with the following additional facts, viz.:

While the policy on its face states in terms that it is payable, at the death of Peter J. Clarke, to his wife, Annie J. Clarke, it contains the further provision that it "is issued and accepted subject to all the conditions on the back hereof, and all the conditions named in the constitution and laws of this fraternity."

That on the back of the policy the following appears:

"This certificate is issued in consideration of the representations and agreements made by the person named herein in his application to become a member," etc.

That the application contains the following:

"I hereby make application for membership in your order, and participation in its beneficiary fund at death, to the amount of $3000. . . . I desire the beneficiary (fund) to be paid at my death to Annie J. Clarke, relationship, wife, and in event said beneficiary should not survive me, same shall be paid to my nearest relative."

That the constitution and by-laws in force when the policy was issued contain the following:

"That upon satisfactory proof of the death of a member who has complied with all lawful requirements of the order, there shall be paid a sum not to exceed $3000 to his wife, children, adopted children, parents, brothers sisters, or other relatives, affianced wife, or other persons dependant upon said deceased member, in the order named. . . .

"The name or names of the beneficiary shall be written in every beneficiary certificate. In case said benefits are payable to one of the relatives named herein, who shall at the time of the death of the member be also deceased, and no designation has been made by said member in writing upon his certificate during his life, the benefit shall be due and payable to the next living relatives in the order named in this section."

That the same section in the constitution and by-laws as adopted in 1897, and in force at the time of the death of the intestate, contained practically the same provision, worded as follows:

"There shall be paid a sum not to exceed $3000 to the person or persons named in his certificate as beneficiary or beneficiaries, which beneficiary or beneficiaries shall be his wife, children, adopted children, parents, brothers, sisters, or other relatives, and to erect a tombstone or monument at the grave of every deceased member. The name or names of the beneficiary or beneficiaries shall be written in every beneficiary certificate is-

sued. In case said benefits are payable to one of the relatives named herein, who shall at the time of the death of the member be also deceased, and no designation or charge has been made by said member in writing upon his certificate during life, the benefit shall be due and payable to the next living relative in the order named in this section," etc.

This latter provision, adopted after the issuance of the policy, becomes pertinent by reason of a stipulation in the policy providing that the member shall not only comply with such "conditions, constitution and laws" as were in force at the date of the contract, but also with "such by-laws and rules as are or may be adopted by the Sovereign Camp, Head Camp or the camp of the jurisdiction of which he is a member at the date of his decease."

It is insisted by the defendants that these provisions, appearing in the application and in the constitution and by-laws, were, by the terms of the policy, incorporated into it, and became a part of it; and that as a consequence Mrs. Clarke's ultimate interest was dependent upon her survivorship, or persistence in life beyond the death of her husband; and that, upon her death prior to the death of her husband, her interest ceased, and that her estate took no interest; that, *eo instanti,* upon her death, the right to the fund passed, under the terms of the contract, to the next person or class of persons in line of promotion named therein, the children of Peter J. Clarke, the defendants to the bill.

To this contention the complainants interpose the objection that such a result could not be entertained as sound or reasonable, because it would violate a plain provision of law that the husband, or if he die subsequent to the wife, his estate, succeeds to the personal property of the wife, including her choses in action. *Handwerker* v. *Diermeyer,* 96 Tenn., 619, 36 S. W., 869.

Defendants rejoin that the latter position begs the question, in that it assumes the very point in issue, that is, whether upon the death of the wife her estate had any interest in the policy, the complainant affirming that her estate did have and own the entire interest, and the defendants denying this claim, and averring that the whole interest passed to the next class of beneficiaries in line, the nearest kin, the children of Peter J. Clarke, the defendants herein.

We think the contention of the defendants is the sounder of the two, indeed the only sound contention applicable to the facts of the case before us.

It is perfectly clear that it was the purpose of the contending parties to make the application and laws above referred to parts of the contract of insurance, and that the very case has happened which it was intended these provisions should guard against and cover, viz., the death of the beneficiary named in the certificate or policy during the life of the insuring member, and the subsequent death of such insuring member without having made any additional special designation of another person to

take the benefit or the sum specified in the policy. We cannot doubt that under these circumstances, and in view of the clauses above copied, a true construction of the contract leads inevitably to the conclusion that upon the death of the wife of Peter J. Clarke all of the interest in the beneficiary fund secured by the policy passed to his children, the defendants, Thomas Clarke and Mary Bunch, and hence that the administrator was entitled to recover nothing.

As properly suggested by defendants' counsel, no rule of law appertaining to the legal succession to property is violated by this conclusion, for the reason that the wife, having no estate in the policy which survived her own decease, left nothing therein to which her husband's estate could, *jure mariti*, succeed.

It is obvious that the case of *Handwerker* v. *Diermeyer,* 96 Tenn., 619, 36 S. W., 869, does not apply to such a state of facts as we have before us in the present case, and it is unnecessary that we should institute a parallel for the purpose of showing this fact.

The court of chancery appeals placed the case upon the grounds above indicated. There is no error in the judgment of that court, and it must be affirmed, with costs.